IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09–cv–02090–CMA–KMT

ROBERT WING,

      Plaintiff,

v.

DR. GREEN, official capacity,

      Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Kathleen M. Tafoya**
**United States Magistrate Judge**

On September 1, 2009, the plaintiff was granted leave to proceed *in forma pauperis*

pursuant to 28 U.S.C. § 1915.  (Doc. No. 2, Order Granting Plaintiff Leave to Proceed Pursuant

to 28 U.S.C. § 1915 [hereinafter "Order granting IFP status"].)  Section 1915(b)(2) requires an

indigent inmate plaintiff to make "monthly payments of 20 percent of the preceding month's

income credited to his account" until the filing fee is paid in full.  28 U.S.C. § 1915.  In the

Order granting Plaintiff leave to proceed *in forma pauperis*, Plaintiff was instructed to either

make the required monthly payments or to show cause **each month** why he has no assets and no

means by which to make the monthly payment.  In order to show cause, Plaintiff was directed to

file a certified copy of his inmate trust fund account statement.  Plaintiff was warned that a

failure to comply with the requirements of § 1915(b)(2) would result in the dismissal of this civil action.  (*See* Order granting IFP status.)

## BACKGROUND

On January 8, 2010, this court issued the Order Directing Plaintiff to Make Monthly Filing Fee Payment or to Show Cause.  ([Doc. No. 19] [hereinafter "Order to Show Cause"].) Plaintiff was ordered either to make the required monthly payments or to show cause why he had no assets and no means by which to make the monthly payments for the months of September 2009 through January 2010.  Plaintiff was warned that failure to comply with that Order would result in the dismissal of his Complaint and the action.

Plaintiff's only filing since this court issued its Order to Show Cause is a letter responding to this court's December 30, 2009 Order to Show Cause regarding service of process. (Doc. No. 18.)  The letter did not address the issue of his failure to comply with the Order granting IFP status.  Plaintiff has failed to respond to the court's January 8, 2010 Order to Show Cause regarding his monthly payments.  (Doc. No. 19.)  No payment has been received, nor has Plaintiff shown cause why he has no assets and no means by which to make the monthly payments for the months of September 2009 through January 2010.  Plaintiff, therefore, has not complied with the court's January 8, 2010 Order to Show Cause.

## DISCUSSION

In *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), the circuit court enumerated the factors to be considered when evaluating grounds for dismissal of an action.  The factors are: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the

judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id.* at 921 (internal quotations and citations omitted); *see also Gates Rubber Co. v. Bando Chemicals, et al.*, 167 F.R.D. 90, 101 (D. Colo. 1996).

## I.    *Prejudice to the Defendant*

From a review of his case file, the court finds that Plaintiff's failure to provide either a monthly payment or to demonstrate his inability to pay by presenting a verified copy of his inmate account, has not delayed the progression of his case toward resolution, nor have defendants been prejudiced or adversely impacted.  The court notes, however, that the purpose behind requiring prisoners to pay their filing fee is to deter frivolous prisoner litigation. *Williams v. Roberts*, 116 F.3d 1126, 1127–28 (5th Cir. 1997).  Defendants, like the courts, are burdened by frivolous cases.  Thus, the defendants certainly are affected by noncompliance with filing rules that seek to decrease frivolous litigation.  In addition, as the Tenth Circuit explained:

> The issue here is not money *per se*. The issue, rather, is respect for the judicial process and the law.  Plaintiff must lose his right to pursue his claim in court because of his utter unwillingness to make the minor sacrifices required by statute and by the repeated directives of a patient district court.  In disposing of this appeal, we have occasion to set forth the duties of indigent prisoners with respect to the payment of filing fees.

*Cosby v. Meadors*, 351 F.3d 1324, 1326–27 (10th Cir. 2003).  "These fee provisions are intended to reduce frivolous prisoner litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees." *Id.* at 1327 (internal quotations and citations omitted).

## II.      Interference with the Judicial Process

The Plaintiff has failed to comply with this court's Order to Show Cause issued January 8, 2010.  (Doc. No. 19.)  Plaintiff's failure to follow the court's Order with respect to his obligation to pay the filing fee, and the court's continual review of his file and issuance of Orders regarding the filing fee increase the workload of the court and interfere with the administration of justice.

## III.     Culpability of the Plaintiff

Plaintiff has, without any reasonable excuse, ignored the first Order to make payments towards the filing fee or to show cause why he could not.  (Doc. No. 2.)  Plaintiff was Ordered thereafter to show cause why his case should not be dismissed for the failure to make payments or to show cause why he could not.  (Doc. No. 19.)  Plaintiff failed to comply with both Orders. From this the court must conclude that Plaintiff is responsible for his noncompliance.

## IV.     Advance Notice of Sanctions of Dismissal for Noncompliance

Plaintiff was warned that he risked dismissal of his case if he continued to fail to make payments towards the filing fee or to show cause why he could not.  (Doc. No. 19.)  Despite that warning, Plaintiff failed to make any adequate showing excusing his failures to comply with this court's Orders to make his monthly payments or show cause why he could not.

## V.     Efficacy of a Lesser Sanction

Finally, the court concludes that no sanction less than dismissal would be effective.  The Plaintiff is proceeding *in forma pauperis*; consequently, a monetary sanction would be ineffective.  Because the injury from Plaintiff's failures to comply principally is to the judicial

system, and not to defendants, a sanction limiting evidence would bear no substantial relation to

the misconduct.  Under these circumstances, no lesser sanction would be effective and dismissal

without prejudice is an appropriate sanction.  Accordingly, it is

    **RECOMMENDED** that the Complaint (Doc. No. 3) and cause of action be

**DISMISSED WITHOUT PREJUDICE**.

### ADVISEMENT TO THE PARTIES

    Within fourteen days after service of a copy of the Recommendation, any party may

serve and file written objections to the Magistrate Judge's proposed findings and

recommendations with the Clerk of the United States District Court for the District of Colorado.

28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A

general objection that does not put the District Court on notice of the basis for the objection will

not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's

report and recommendation must be both timely and specific to preserve an issue for de novo

review by the district court or for appellate review."  *United States v. One Parcel of Real*

*Property Known As 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure

to make timely objections may bar *de novo* review by the District Judge of the Magistrate

Judge's proposed findings and recommendations and will result in a waiver of the right to appeal

from a judgment of the district court based on the proposed findings and recommendations of the

magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579–80 (10th Cir. 1999) (District Court's

decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection

does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d

at 1059–60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review);  *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Refining Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

        Dated this 4th day of February, 2010.

**BY THE COURT:**

_____

Kathleen M. Tafoya
United States Magistrate Judge