IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 09-cv-02090-CMA-KMT

ROBERT WING,

    Plaintiff,

v.

DR. GREEN, official capacity,

    Defendant.

---

**ORDER ADOPTING AND AFFIRMING FEBRUARY 4, 2010
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on United States Magistrate Judge Kathleen M. Tafoya's Recommendation that this action be dismissed without prejudice. (Doc. # 21 at 5.) This case was referred to Magistrate Judge Tafoya by order of reference issued on September 9, 2009. (Doc. # 6.) Magistrate Judge Tafoya issued a Recommendation on February 4, 2010 that this action be dismissed without prejudice. (Doc. # 21 at 5.) The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b).

## I. STANDARD OF REVIEW

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly

objected to." Fed.R.Civ.P. 72(b)(3). An objection is properly made if it is both timely and specific. *United States v. One Parcel of Real Property Known As 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir.1996). According to the Federal Rules of Civil Procedure, an objection is timely if made within 14 days after the Magistrate Judge issues his recommendation. Fed. R. Civ. P. 72(b)(2). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues–factual and legal–that are at the heart of the parties' dispute." *See id.* (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). Where no party files proper objections to a recommendation, the Court may review the recommendation for clear error. *See* Fed. R. Civ. P. 72, Advisory Committee Notes (1983 Addition) (citation omitted); *See also Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (when there are no objections to a magistrate's recommendation, the court applies whatever standard of review that it deems appropriate).

In the instant case, Plaintiff filed timely a letter, which the Court will liberally construe as his Objections to the Recommendation (Doc. # 23), on February 18, 2010, fourteen days after the Recommendation's issuance. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."). Accordingly, the Court has performed a *de novo* review.

2

## II.  BACKGROUND

On September 1, 2009, *pro se* Plaintiff Robert Wing, an inmate at San Carlos Correctional Facility, filed this 42 U.S.C. § 1983 action against "Dr. Green," a medical doctor employed by the Colorado Department of Corrections at the San Carlos Correctional Facility.[1]  In pertinent part, Plaintiff alleges an Eighth Amendment violation stemming from Dr. Green's alleged order to remove a portable air concentrator, which Plaintiff used to treat his severe asthma.  (Doc. # 3 at 4.)

On September 1, 2009, United States Magistrate Judge Boyd N. Boland[2] issued an Order granting Plaintiff leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (the "Boland September 2009 Order").  (Doc. # 2.)  In that Order, Magistrate Judge Boland noted that Plaintiff remains obligated to pay the full amount of the required $350.00 fee in connection with the Complaint's filing, regardless of the outcome of this action.  (*Id.* at 2.)  Magistrate Judge Boland directed Plaintiff to make "monthly payments to the court of twenty (20) percent of the preceding month's income credited to Plaintiff's account or show cause why he has no assets and no means by which to make each monthly payment," in accordance with 28 U.S.C. § 1915(b)(2).  (*Id.*)  Magistrate Judge Boland further directed Plaintiff to "file a current certified copy of

---

[1]  Plaintiff has since clarified that "Dr. Green" is actually "Jerri Green," a nurse widely known by San Carlos Correctional Facility inmates as "Doctor Green."  (Doc. # 20.)

[2]  Magistrate Judge Boland handled the preliminary review of Plaintiff's prisoner Complaint and Motion for Leave to Proceed in Forma Pauperis before the case was drawn to a district judge and a magistrate judge.  (*See* Doc. # 4.)  The case was eventually drawn to Judge Christine M. Arguello and Magistrate Judge Kathleen M. Tafoya.  (*See* Doc. ## 5, 6.)

[Plaintiff's] trust fund account statement" in order to show cause and noted that "the complaint may be dismissed without prejudice and without further notice," if Plaintiff fails to abide by the Order. (*Id.*)

From September through December 2009, Plaintiff failed to make the required monthly payments or show cause why he has no means to make such payments. Plaintiff's last payment was received on August 27, 2009, as part of his Motion for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (Doc. # 1). On January 8, 2010, Magistrate Judge Kathleen M. Tafoya issued an Order directing Plaintiff to make his monthly filing fee payment or to show cause, pursuant to the Boland September 2009 Order (the "January 8, 2010 Order to Show Cause"). (Doc. # 19.) In pertinent part, Magistrate Judge Tafoya ordered that:

> Plaintiff, by the **15th day** of **each** month and without any further notice from or order of the court, either [ ] make the required monthly payment for each preceding month or [ ] file a certified copy of his inmate trust fund account for the preceding month demonstrating that he has no assets and no means by which to make the monthly payment.

(*Id.* at 2).

> . . . [O]n or before **January 29, 2010**, Plaintiff shall make the required monthly payments or show cause why he has no assets and no means by which to make the monthly payments for the months of **September 2009 through January 2010.**
>
> . . . Plaintiff shall file completed account statements for the months of **September 2009 through January 2010.**

(*Id.* at 3.)

Magistrate Judge Tafoya further warned Plaintiff that she will recommend dismissal of this action, if Plaintiff fails to comply with her January 8, 2010 Order to Show Cause. (*Id.* at 2-3.)

### III. MAGISTRATE JUDGE TAFOYA'S RECOMMENDED DISMISSAL OF THIS CASE

On February 4, 2010, Magistrate Judge Tafoya issued a Recommendation that this action be dismissed due to Plaintiff's failure to respond to, and comply with, the January 8, 2010 Order to Show Cause. (Doc. # 21.) In evaluating grounds for the dismissal of the action, Magistrate Judge Tafoya duly considered the following five factors set forth in Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992): (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. Magistrate Judge Tafoya made the following determinations:

(1) While the defendant has not been prejudiced or adversely impacted by Plaintiff's failure to pay the filing fees, the payment requirement's purpose is to deter frivolous prisoner litigation;

(2) Plaintiff's failure to follow the court's Order, which failure necessitates the court's constant review of his file, increases the court's workload and interferes with the administration of justice;

(3) Because Plaintiff failed to comply with the January 8, 2010 Order to Show Cause and the Boland September 2009 Order, Plaintiff is responsible for his noncompliance;

5

> (4) The court has continually warned Plaintiff that failure to comply with the court's Orders could result in dismissal of his case; and
>
> (5) No sanction less than dismissal would be effective.

(*Id.* at 3-5.)

Plaintiff objects to Magistrate Judge Tafoya's Recommendation on grounds that the Recommendation did not give him enough time to gather all the required information. (Doc. # 23 at 1.) Further, Plaintiff contends that he did not know that he should have submitted a six-month account statement, even though this was explicitly set forth in the January 8, 2010 Order. (*Id.*) In connection with his Objection, Plaintiff submitted a copy of his trust fund account statement, reflecting deposits and withdrawals from September 2009 through January 2010. (*Id.* at 2-3.)

Having reviewed the entire record, the Court agrees with Magistrate Judge Tafoya's assessment that dismissal of this action, without prejudice, is appropriate. As previously noted, the January 8, 2010 Order to Show Cause clearly states that, by the 15th day of each month, Plaintiff must make the required monthly payment for each preceding month, or show cause as to why he is unable to make such payment. (Doc. # 19 at 2.) Further, as set forth in the Boland September 2009 Order, Plaintiff's required monthly payment equals twenty percent of the preceding month's income credited to Plaintiff's account. (Doc. # 2 at 2.) Having reviewed Plaintiff's six-month account statement, the Court makes the following determinations:

| Month | Deposits | Required Filing Fee Payment Due on the 15th of the following month (20% of deposits) | Plaintiff's Canteen Orders |
|---|---|---|---|
| September 2009 | $31.30 | $6.26 (due October 15) | $2.08 |
| October 2009 | $31.60 | $6.32 (due November 15) | $15.84 |
| November 2009 | $31.60 | $6.32 (due December 15) | $2.64 |
| December 2009 | $29.20[3] | $5.84 (due January 15) | $34.56 |

Based on the above, the Court notes that between September and December 2009, Plaintiff spent $55.12 in the canteen and owed $24.74 in filing fees. As Magistrate Judge Tafoya explicitly noted in the January 8, 2010 Order to Show Cause, "making purchases at the canteen in lieu of making his required monthly payments fails to demonstrate good cause for his nonpayment. *See Cosby v. Meadors*, 351 F.3d 1324, 1327 (10th Cir. 2003) (noting that 'when a prisoner has sufficient income to pay a monthly partial filing fee and instead spends his money on amenities at the prison canteen, he cannot be excused for failing to make the required partial payments')." (Doc. # 19 at 2.) In the period between September and December 2009, Plaintiff's canteen expenditures were more than twice the amount of filing fees owed. Therefore, Plaintiff cannot be excused for failing to make the required partial payments. Even if

---

[3] The Court's deposit calculations do not include listed credits dated December 3, 2009, in the amount of $0.23 for "1 Intake Unassigned" and $1.15 for "1 Una-Dr".

Plaintiff lacked the requisite dollar amount to satisfy his filing fee obligations in any given month, Plaintiff failed to abide by the very clear and explicit direction that he submit a certified copy of his inmate trust fund account to demonstrate that he has no assets. Plaintiff's lack of fiscal prudence and his preference for spending his limited financial resources on canteen items, rather than the court filing fees, underscore a lack of respect for the judicial process and the law and undermine the merits of his action.

Accordingly, IT IS ORDERED THAT the February 4, 2010 Recommendation of United States Magistrate Judge Kathleen M. Tafoya (Doc. # 21) is ACCEPTED and, for the reasons cited therein, Plaintiff's Complaint (Doc. # 3) is DISMISSED WITHOUT PREJUDICE.

DATED: March __04__, 2010

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge